IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| KIM FARAONI, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CASE NO. 6:24-CV-00040-ADA-DNM** |
| | § | |
| UNITED STATES OF AMERICA AND | § | |
| CENTRAL TEXAS VETERANS | § | |
| ADMINISTRATION, | § | |
| | § | |
| **Defendants.** | § | |

**REPORT AND RECOMMENDATION REGARDING DEFENDANTS UNITED STATES OF AMERICA AND CENTRAL TEXAS VETERANS ADMINISTRATION'S MOTION TO DISMISS [DKT. NO. 18]**

TO: THE HONORABLE ALAN D. ALBRIGHT,
UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Judge pursuant to United States Code Title 28, Section 636(b)(1)(c), Federal Rule of Civil Procedure 72, and Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the Defendants United States of America and the Central Texas Veterans Administration's (together, "Defendants") Motion to Dismiss for Lack of Subject Matter Jurisdiction. Dkt. No. 18. Having considered the Motion, Response, Reply, and supplemental OSSO report, the Court **RECOMMENDS** that the District Judge **GRANT** the Defendants' Motion to Dismiss for the reasons below.

## I. BACKGROUND

This lawsuit stems from an assault committed against Plaintiff Kim Faraoni while she was at work at a veterans hospital. Faraoni complains that the worker's compensation claim

process did not adequately compensate her for the effects of the assault. The Defendants assert that Faraoni's Federal Tort Claims Act (FTCA) causes of action are barred by the Federal Employees Compensation Act (FECA).

### A. The incident.

Faraoni was on duty as a nurse at the Veterans Hospital in Temple, Texas, when the Veterans Affairs (VA) Police asked Faraoni to move her car. Dkt. No. 1-3 at 12. An irate VA employee met Faraoni in the parking lot. *Id.* Frustrated with Faraoni's parking job, the employee grabbed Faraoni by her right arm and neck and forcibly bent her towards the ground. *Id.* The employee asked Faraoni if she was "stupid" and could see how far over the line in the stall her car was. *Id.* Faraoni promptly moved her car, but the employee followed her. *Id.* Faraoni rolled down her window to ask if the employee was ok. *Id.* The employee reached into Faraoni's car, pulled her ID page off of her scrubs, read her name, and dropped it back onto her shirt. *Id.* The employee wrote down Faraoni's license plate number and left. *Id.* at 12–13. After the incident, Faraoni reported that her arm and neck were red for about 30 minutes but then returned to normal. *Id.* at 13. She did not initially report any other injuries. *See id.*

### B. Procedural history.

Plaintiff Kim Faraoni filed two claims with the Office of Worker's Compensation (OWCP). Dkt. No. 18-1 at 2–3. In her first claim, she requested relief for three injuries: (1) strain of muscle, fascia and tendon at neck level; (2) post-traumatic stress disorder, and (3) generalized anxiety disorder. *Id.* at 3. In her second claim, she requested relief for lost wages. *Id.* The OWCP accepted Faraoni's first claim and paid her $7,194.03 in medical benefits. *Id.* at 2–3. It denied her claim for lost wages. Dkt. No. 25-1.

Faraoni then sued Defendants in this Court under the FTCA, alleging that the relief from the OWCP did not adequately compensate her for her injuries. Dkt. No. 13. Faraoni asserts a variety of injuries that the Department of Labor did not directly address, including lost future wages, loss of consortium, and loss of enjoyment of life. Dkt. No. 13 at 4. Faraoni also requests relief because the VA Police failed to follow their standard operating procedures, covered up the incident, and did not adequately document the event. *Id.* Defendants responded with a Motion to Dismiss, arguing that this Court lacks subject matter jurisdiction over Faraoni's claims because she named a party other than the United States as a defendant. Dkt. No. 18 at 4. Defendants also argue that this Court lacks subject matter jurisdiction under the exclusive remedy provision of the FECA. *Id.*

## II. RELEVANT LAW

Under Federal Rule of Civil Procedure 12(b)(1), a party may file a motion to dismiss a case for lack of subject matter jurisdiction. "Federal district courts are courts of limited jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes." *Walker v. Wormuth*, No. 6:23-CV-00564-ADA-JCM, 2024 WL 2279828, at *2 (W.D. Tex. May 2, 2024) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A court should dismiss a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). In determining whether to dismiss a case for lack of subject matter jurisdiction, a court may look to "any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

FECA compensates federal employees for personal injuries suffered while in the performance of their duty and is the exclusive remedy for injuries within the statute's coverage. *See* 5 U.S.C.A. §§ 8102(a), 8116(c) ("The liability of the United States or an instrumentality thereof under this subchapter . . . with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States."); *White v. United States*, 143 F.3d 232, 234 (5th Cir. 1998). Thus, FECA provides a substitute for, not supplement to, recovery. "In enacting [FECA], Congress adopted the principal compromise—the 'quid pro quo'—commonly associated with workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government." *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 194 (1983).

The Secretary of Labor has exclusive authority to "administer and decide all questions arising under" FECA. 5 U.S.C.A. § 8145. Indeed, "[t]he action of the Secretary . . . in allowing or denying a payment under this subchapter is . . . conclusive for all purposes and with respect to all questions of law and fact" and "not subject to review by . . . a court." *Id.* § 8128(b). Because federal courts lack the power to review the Secretary's decision regarding an award under the FECA, federal courts lack subject matter jurisdiction to decide FECA claims. *See White*, 143 F.3d at 234; *Smith v. Nicholson*, 516 F. Supp. 2d 832, 837 (S.D. Tex. 2007). Additionally, where a "substantial question" exists as to FECA coverage, an FTCA action is barred unless the Secretary of Labor determines that the FECA does not apply. *See Avasthi v. United States*, 608 F.2d 1059, 1060 (5th Cir. 1979). Thus, if a tort claim in federal court is within FECA's scope or a "substantial question" exists as to FECA coverage, the court lacks power to adjudicate the case and must dismiss it.

### III. ANALYSIS

This Court lacks subject matter jurisdiction for two reasons. First, the Central Texas Veterans Administration is an improper defendant. Second, FECA preempts Faraoni's FTCA claim.

**A. The Central Texas Veterans Administration is not a proper defendant.**

First, the Central Texas Veterans Administration is not a proper defendant. "It is beyond dispute that the United States . . . is the proper party defendant in a Federal Tort Claims Act suit." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). "Thus, an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Id.*

In her Amended Complaint, Faraoni named the Central Texas Veterans Administration as a defendant. Dkt. No. 13. The Central Texas Veterans Administration is a branch of the U.S. Department of Veterans Affairs, a federal agency. *See* U.S. Dep't of Veteran Affs., *VA Central Texas health care*, https://www.va.gov/central-texas-health-care/ (last visited May 7, 2026). Because Faraoni in effect sued a federal agency, an FTCA claim against the Central Texas Veterans Administration is not appropriate. This Court therefore lacks power to adjudicate Faraoni's claim against the Central Texas Veterans Administration, meaning it lacks subject matter jurisdiction. Accordingly, the Court must dismiss Faraoni's FTCA claim against the Central Texas Veterans Administration.

**B. FECA preempts Faraoni's FTCA claim.**

Second, FECA preempts Faraoni's claim for relief under the FTCA. Faraoni already recovered for the following injuries: (1) strain of muscle, fascia and tendon at neck level; (2) post-traumatic stress disorder; and (3) generalized anxiety disorder. Despite that, she argues

that FECA did not adequately compensate her. Faraoni also challenges the lost wages determination, but under FECA, this Court lacks authority to question this determination. *See* 5 U.S.C.A. § 8116(c).

If the Department of Labor determines that FECA covers an assault claim, FECA is the exclusive remedy for the claim. *See Borden v. United States*, No. 3:10CV374TSL-MTP, 2011 WL 4060227, at *2 (S.D. Miss. Aug. 26, 2011). In *Borden*, a VA employee verbally harassed and struck the plaintiff, another VA employee, in the back of the head. *Id.* at *1. The plaintiff filed a FECA claim with the Secretary of Labor, but the Secretary denied the claim due to insufficient evidence. *Id.* at *2. The plaintiff then filed a claim under the FTCA. *Id.* at *1. The court held that the Secretary's determination of insufficient evidence implied that FECA covered the injury. *See id.* The court granted the Government's motion to dismiss for lack of subject matter jurisdiction because FECA was the exclusive remedy for the injury. *See id.*

Like in *Borden*, FECA is the exclusive remedy for Faraoni's assault claim. There is no question here that FECA covers Faraoni's assault claim because the Department of Labor already determined that FECA applies and paid benefits under FECA. Dkt. No. 18-1 at 2–3. Even if there were a "substantial question" as to whether FECA covered Faraoni's claim, this Court would lack jurisdiction. *See Avashti*, 608 F.2d at 1060. Because FECA covers Faraoni's injuries, this Court lacks the power to decide whether Faraoni can recover for these injuries under the FTCA, meaning this Court lacks subject matter jurisdiction.

FECA also forecloses relief for the claims Faraoni raises that the Department of Labor did not directly address. *See Grijalva*, 781 F.2d at 474. FECA is the exclusive remedy for injuries which derive from the plaintiff's physical injury. *See Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992) (per curiam); *Banks v. United States*, 190 F. Supp. 3d 618, 627–28 (E.D. Tex.

2016). In *Benton*, a federal employee slipped and fell on a stairway at her workplace. 960 F.2d at 20. She successfully recovered under FECA but then sued under the FTCA for pain and suffering, future earnings, and loss of enjoyment of life. *Id.* On appeal, the Fifth Circuit determined that the district court correctly dismissed her claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) because of FECA's exclusive remedy provision. *Id.* at 21. The court held that the employee's claims derived from her physical injury that FECA already compensated. *Id.* Thus, while the employee did not directly recover for pain and suffering, lost future earnings, and loss of enjoyment of life, FECA still preempted recovery because these claims derived from her physical injury.

The preemption issue in *Benton* mirrors the issue here. Because the OWCP already compensated Faraoni for her physical injury under FECA, FECA preempts claims for recovery based on any injuries that derived from her physical injury. Her claims for lost future wages, loss of consortium, loss of enjoyment of life, and gross negligence against the VA all derive from her physical injury. Dkt. No. 13 at 4. Further, even if Faraoni argues that the claims derive from psychological injuries, the Department of Labor already provided relief for psychological injuries by permitting recovery for post-traumatic stress disorder and generalized anxiety disorder. Dkt. No. 18-1 at 3. Further, although Faraoni submitted multiple supplemental pleadings, this Court cannot consider the information in these pleadings. At the motion to dismiss stage, this Court must focus on Faraoni's complaint. *See Williamson*, 645 F.2d at 413. Because FECA provides the exclusive remedy for Faraoni's injuries, this Court lacks power to adjudicate her FTCA claims. Thus, this Court lacks subject matter jurisdiction over her claims and must dismiss them.

## IV. CONCLUSION

Because this Court lacks subject matter jurisdiction over Faraoni's claims for the reasons above, this Court **RECOMMENDS** that the District Judge **GRANT** the Defendants' Motion to Dismiss.

## V. OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. See *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(l)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985).

**SIGNED** this 8th day of May, 2026.


DAN N. MACLEMORE
UNITED STATES MAGISTRATE JUDGE